IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-0994-WJM-MEH

WILDEARTH GUARDIANS,

    Plaintiff,

v.

MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

---

In this citizen suit, Plaintiff WildEarth Guardians sues Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA") under the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2).  (ECF No. 1.)  Plaintiff alleges that the EPA failed to perform a nondiscretionary duty under 42 U.S.C. § 7410(k)(1)(B) to make a finding by February 3, 2021, that Colorado had not submitted a complete state implementation plan ("SIP") to demonstrate that the "Denver Metro-North Front Range Area" (also known as the "Denver Nonattainment Area") would attain the 2008 ozone National Ambient Air Quality Standard ("NAAQS") by a specific date.  (*Id.*)

Before the Court is Plaintiff's Motion for Summary Judgment and Memorandum of Points and Authorities in Support ("Plaintiff's Motion"), filed on July 12, 2021.  (ECF No. 20.)  Also before the Court is Defendant's Cross-Motion for Summary Judgment ("EPA's Motion"), filed on August 31, 2021.  (ECF No. 30.)

For the reasons set forth below, Plaintiff's Motion is denied, and the EPA's Motion is granted.

## I. BACKGROUND[1]

The Denver Nonattainment Area currently includes the entirety of seven counties including and to the north of Denver, and portions of two other counties. (ECF No. 29 ¶ 1 (citing 40 C.F.R. § 81.306).)

In May 2012, the Administrator designated the Denver-Boulder-Greeley-Ft. Collins-Loveland, CO area as nonattainment at the Marginal classification for the 2008 ozone NAAQS, effective July 20, 2012. (*Id.* ¶ 2 (citing U.S. Envtl. Prot. Agency, Air Quality Designations for the 2008 Ozone National Ambient Air Quality Standards, 77 Fed. Reg. 30,088, 30,088 & 30,110 n.1 (May 21, 2012)).)

Colorado failed to attain the 2008 ozone NAAQS by the July 20, 2015 attainment deadline. (*See* U.S. Envtl. Prot. Agency, Determinations of Attainment by the Attainment Date, Extensions of the Attainment Date, and Reclassification of Several Areas for the 2008 Ozone National Ambient Air Quality Standards, Reclassification Determination, 81 Fed. Reg. 26,697, 26,699 & tbl. 3 (May 4, 2016).) Accordingly, by rule issued on May 4, 2016 and effective June 3, 2016, the Administrator reclassified the Denver Nonattainment Area's nonattainment status from Marginal to Moderate. (*See id.* at 26,699.) The Administrator's 2016 Moderate nonattainment redesignation stated that "[t]he reclassified areas must attain the standard as expeditiously as practicable, but in any event no later than July 20, 2018." (*Id.* at 26,698.)

---

[1] The following factual summary is based on the parties' Joint Stipulated Facts for Purposes of Summary Judgment (ECF No. 29), Plaintiff's Motion, Defendant's Motion, and documents submitted in support thereof. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

However, Colorado also failed to attain the 2008 ozone NAAQS by the applicable attainment date of July 20, 2018. (*See* U.S. Envtl. Prot. Agency, Finding of Failure to Attain and Reclassification of Denver Area for the 2008 Ozone National Ambient Air Quality Standard, 84 Fed. Reg. 70,897, 70,898 (Dec. 26, 2019).) Accordingly, by rule issued on December 26, 2019 and effective January 27, 2020, the Administrator reclassified the Denver Nonattainment Area's nonattainment status from Moderate to Serious. (*Id*. at 70,897.) The Administrator's 2019 Serious nonattainment redesignation stated that "the Denver Area will be required to attain the standard 'as expeditiously as practicable' but no later than nine years after the initial designation as nonattainment, which in this case would be no later than July 20, 2021." (*Id*. at 70,898.) The Administrator's 2019 Serious nonattainment redesignation also stated, "[t]he due date for Serious area [SIP] revisions, including RACT measures tied to attainment for the Denver Area, will be August 3, 2020." (*Id*. at 70,900.)

However, Colorado did not submit a Serious area SIP by August 3, 2020, and the Administrator did not make a finding by February 3, 2021 that Colorado failed to submit the required SIP. (ECF No. 29 ¶¶ 10–11.) By letter dated and postmarked February 4, 2021, Plaintiff informed EPA that it intended to file suit against it under the CAA citizen suit provision, 42 U.S.C. § 7604(a)(2), "after 60 days from the date" of the notice of intent to sue. (*Id*. ¶ 12.) On March 22, 2021, Colorado submitted a proposed SIP to the EPA. (*Id*. ¶ 13.)

Plaintiff filed its Complaint for Declaratory and Injunctive Relief on April 8, 2021, claiming that the EPA failed to perform a nondiscretionary duty under 42 U.S.C. § 7410(k)(1)(B) to make a timely finding that the Colorado had not submitted the legally

3

required SIP revision. (ECF No. 1 at 10.) In this lawsuit, Plaintiff seeks: (1) declaration that the EPA has violated and continues to violate the CAA by failing to make the required finding that Colorado failed to submit the required SIP; (2) an injunction compelling the EPA to make the required finding "within 15 days or at least as expeditiously as possible and by a date certain"; (3) an injunction ordering that upon making its finding, the EPA either promulgate a FIP or fully approve Colorado's legally required SIP submission as expeditiously as possible, but no later than February 3, 2023; (4) an order retaining jurisdiction over this matter until such time as the EPA has complied with its nondiscretionary duty under the CAA; (5) an order awarding Plaintiff its litigation costs, including reasonable attorneys' fees; and (6) such other and further relief as the Court deems just and proper. (*Id.* at 10–11.)

On June 2, 2021, the EPA issued a determination that Colorado's SIP submission fulfilled the completeness criteria in 40 CFR Part 51, Appendix V. (ECF No. 29 ¶ 15.) However, to date, the EPA has not issued a finding that Colorado failed to submit its Serious area SIP by August 3, 2020. (*Id.* ¶ 16.)

Plaintiff filed Plaintiff's Motion on July 12, 2021. (ECF No. 20.) The EPA responded in opposition and filed the EPA's Motion on August 31, 2021. (ECF Nos. 30, 31.) Plaintiff replied in further support of Plaintiff's Motion and responded in opposition to the EPA's Motion on September 22, 2021. (ECF No. 32.) The EPA replied in further support of the EPA's Motion on October 6, 2021. (ECF No. 33.)

## II. LEGAL STANDARDS

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III. ANALYSIS

Plaintiff argues that within six months of Colorado's failure to submit its SIP, the "EPA was required to issue a formal finding of failure to submit under 42 U.S.C. § 7410(k)(1)(B)," which provides that:

> Within 60 days of the Administrator's receipt of a plan or plan revision, but no later than 6 months after the date, if any, by which a State is required to submit the plan or revision, the Administrator shall determine whether the minimum criteria established pursuant to subparagraph (A) have been met.

(ECF No. 20 at 10.) According to Plaintiff, the statute's use of the word "shall" imposes a nondiscretionary duty on the Administrator to make the formal finding, that the violation of this duty falls within the CAA's citizen suit provision, and that "redress from this Court is needed to ensure that [the] EPA is not permitted to ignore or rewrite

5

Congressionally-mandated deadlines." (*Id.* at 10–12 (citing 42 U.S.C. § 7604(a)(2)).)

The EPA does not contest that Colorado did not make its required submission to the EPA by August 3, 2020 and that the EPA did not make its finding to that effect by February 3, 2021. (ECF No. 31 at 12.) However, the EPA argues that because Colorado submitted its Serious area SIP revision to the EPA for review on March 22, 2021, and the EPA found that the submission was complete on June 2, 2021, the EPA has now discharged its "overdue duty to make a finding under § 7410(k)(1)(B)" and "there is no basis for an order requiring [the] EPA to make another finding under § 7410(k)(1)(B)." (*Id.*) According to the EPA, the Court lacks subject matter jurisdiction over this case because the matter is both constitutionally moot and prudentially moot. (*Id.* at 11–18.) The EPA further argues that the "[a]uthority to order an agency to perform a nondiscretionary action *nunc pro tunc* is not included within the citizen suit jurisdiction" set forth in § 7604(a). (ECF No. 33 at 8.)

"[Federal] [d]istrict and appellate courts have limited subject matter jurisdiction and may [only] hear cases when empowered to do so by the Constitution and by act of Congress." *Randil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) (internal quotation marks omitted). Among other things, Article III of the United States Constitution limits federal court jurisdiction to "cases" or "controversies." U.S. Const. art. III § 2, cl. 1. When a case or controversy no longer exists, the action becomes moot, and courts lose jurisdiction. *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1181 (10th Cir. 2012) ("[W]ithout a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious."). The defendant bears the burden of showing a lack of jurisdiction due to mootness. *Citizen Ctr. v. Gessler*, 770

6

F.3d 900, 907 (10th Cir. 2014).

*Sierra Club v. Browner*, 130 F. Supp. 2d 78 (D.D.C. 2001), *aff'd sub nom. Sierra Club v. Whitman*, 285 F.3d 63 (D.C. Cir. 2002) ("*Sierra Club I*"), is instructive. In *Sierra Club I*, plaintiffs brought a CAA citizen suit claiming that the EPA failed to perform its nondiscretionary duty of approving or disapproving Missouri's proposed SIP for the St. Louis area within the time period required by § 110(k)(2). *Id.* at 80–81. After the *Sierra Club I* lawsuit was initiated, the EPA approved a revised SIP for Missouri. *Id.* at 81–82. The United States District Court for the District of Columbia determined that because the EPA had taken the nondiscretionary actions required by the CAA, the plaintiffs' claim was moot. *Id.* at 82–83. In making this determination, the district court relied on the language of § 7604(a)(2), which authorizes a private right of action against the EPA Administrator "where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator" and allows district courts "to order the Administrator to perform such act or duty." The district court reasoned that its power is "limited to requiring EPA to undertake the nondiscretionary duty at issue" and that "since [the] EPA has taken that action by approving the Missouri SIP, the [district court] is without power to grant meaningful relief with regard to [plaintiffs' claim]." *Id.* at 82. The district court further rejected the plaintiffs' request that the court issue an order requiring the EPA to undertake its discretionary duties *nunc pro tunc* as of the deadline set by the CAA, reasoning that § 7604(a) does not expressly allow for *nunc pro tunc* relief. *Id.* at 93.

As in *Sierra Club I*, although the EPA missed the deadline set forth in §7410(k), the EPA has now fulfilled its nondiscretionary duties by issuing its determination that

Colorado's SIP fulfilled the completeness criteria.  Nonetheless, Plaintiff contends that this case is not moot because the two-year clock for the EPA to fully approve Colorado's SIP or promulgate a FIP will not start running unless the EPA denies or partially denies Colorado's proposed SIP, which may be as late as June 2, 2022.  (ECF No. 20 at 12.)  Plaintiff points out that but for the EPA's untimely delay, the two-year clock would have begun running as of February 3, 2021 and that "[a]n order form this Court is needed to hold [the] EPA to the February 3, 2023 deadline to fully approve a SIP or issue a FIP that will bring the Denver Nonattainment Area into compliance with the 2008 Ozone Standard."  (*Id.* at 13.)  Because "the Court still has the ability to hold [the] EPA to the deadlines established by Congress, thereby providing meaningful to [Plaintiff]," Plaintiff argues that this case is not constitutionally moot.  (*Id.*)  *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12–13 (1992) (finding case is not moot where court has ability to provide some form of meaningful relief).

Plaintiff further argues that the EPA has still failed to comply with its separate obligation under § 7410(k)(1)(B) to make a finding by February 3, 2021 that Colorado had failed to timely submit its SIP revision.  (ECF No. 32 at 4–5 (arguing that the EPA's June 2, 2021 completeness determination did not fulfill the EPA's "pre-existing obligation to make a finding of failure to submit by February 3, 2021").)

After carefully considering the parties' arguments, the Court concludes that because the EPA has now completed its nondiscretionary action, the undersigned is without the power to grant meaningful relief to Plaintiff, such that there is no longer a live case or controversy in this action.  The Court is unpersuaded by Plaintiff's argument that the "EPA's June 2, 2021 determination that Colorado's March 22, 2021 SIP revision

was complete does not fulfill [the] EPA's separate—and overdue—obligation under [§ 7410(k)(1)(B)] to make a finding by February 3, 2021 that Colorado failed to timely submit its SIP revision." (ECF No. 32 at 5.) Plaintiff provides no legal support for its contention that the EPA's completeness determination does not fully discharge the EPA's mandatory duties set forth in § 7410(k)(1)(B). As the EPA points out, a "finding of failure to submit" is "one possible outcome" of the "completeness finding" that the EPA must make under § 7410(k) and "[t]he fact that there might be different deadlines and actions following a determination that there has been a failure to submit, as opposed to a finding that a submitted SIP is complete, is not determinative."[2] (ECF No. 33 at 3–4.)

Moreover, the Court cannot conclude that Plaintiff is entitled to *nunc pro tunc* relief in the form of an order setting a February 3, 2023 deadline for the EPA to fully approve the Colorado SIP or to promulgate a FIP. (ECF No. 20 at 14.) "A *nunc pro tunc* order should be granted or refused, as justice may require in view of the circumstances of the particular case." *Mitchell v. Overman*, 103 U.S. 62, 65 (1880). Such relief is exceptional: it "has been granted only in a limited number of circumstances, where its entry is necessary to avoid, and does not create, an injustice at the hands of the court itself." *Weil v. Markowitz*, 898 F.2d 198, 201 (D.C. Cir. 1990). Because the decision turns on the circumstances of the particular case, "the issue of

---

[2] To the extent Plaintiff relies on *Sierra Club v. Johnson*, 374 F. Supp. 2d 30 (D.D.C. 2005) ("*Sierra Club II*") to argue that the EPA's nondiscretionary duty to act was not mooted or overtaken by later, untimely actions by states, the Court concludes that this case is distinguishable and does not alter the Court's analysis. In *Sierra Club II*, the district court concluded that the EPA's duty to act on pre-2001 submissions had "not been mooted or overtaken by the fact that the states made submissions in 2004 to address their bumped-up status as severe nonattainment areas." *Id.* at 33. By contrast, in this case, the EPA has now made a completeness determination on the SIP submission at issue in this lawsuit.

9

whether to grant *nunc pro tunc* relief is best left to the discretion of the District Court." *Id.* at 200 (internal quotations and citation omitted).  However, the court's ability to grant such relief "does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose.  Rather, its use is limited to making the record reflect what the district court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence."  *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000) (citing *Kusay v. United States,* 62 F.3d 192, 193 (7th Cir. 1995) and *Fierro v. Reno,* 217 F.3d 1, 4–5 (1st Cir. 2000)); *see also Ethyl Corp. v. Browner*, 67 F.3d 941, 945 (D.C. Cir. 1995) (recognizing that an order *nunc pro tunc* is an "equitable remedy traditionally used to apply to a court's own order or judgment retroactively").

   The Court recognizes that because the EPA failed to initially comply with the CAA's statutory deadlines, the EPA has effectively been given additional time to either fully approve the Colorado SIP or promulgate a FIP in accordance with the CAA.  The Court takes a dim view of the EPA's apparent inability or unwillingness to comply with the statutory deadlines set forth in the CAA.  *Cf. Sierra Club II*, 374 F. Supp. 2d at 33 (recounting the EPA's "unblemished record of nonperformance in this corner of the [CAA]").

   Nonetheless, as the district court recognized in *Sierra Club I*, § 7604(a)(2) does not explicitly allow for *nunc pro tunc* relief.  130 F. Supp. 2d at 93; *see also* § 7604(a)(2) (granting district courts limited jurisdiction "to compel (consistent with paragraph (2) of this section) agency action unreasonably delayed . . .").  Moreover, Plaintiff fails to provide any support for its extraordinary argument that the Court has the authority to

grant relief that is backdated to a missed deadline in a § 7604(a)(2) suit.[3] (*See generally* ECF Nos. 20, 32.) The EPA likewise represents that it is "unaware of any case in which a court exercising jurisdiction under 42 U.S.C. § 7604(a)(2) has ordered that [the] EPA's performance of a statutory mandatory duty be *nunc pro tunc* to the date the original action was due." (ECF No. 31 at 20.) *Cf. Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 52 (D.D.C. 2006) (recognizing that "[w]hen an agency has failed to meet the statutory deadline for a nondiscretionary act, the court may exercise its equity powers 'to set enforceable deadlines both of an ultimate and an intermediate nature," and that a court may either impose an immediate deadline or "may afford an agency additional time for compliance").

Accordingly, the Court concludes that Plaintiff's CAA claim is now constitutionally moot[4], and must be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Summary Judgment and Memorandum of Points and Authorities in Support (ECF No. 20) is DENIED;

2. Defendant's Cross-Motion for Summary Judgment (ECF No. 30) is GRANTED;

---

[3] The Court acknowledges that *nunc pro tunc* relief has been granted in the context of other agency conduct to put the victim of agency error "in the economic position it would have occupied but for the error." *Ethyl Corp.*, 67 F.3d at 945 (collecting cases). Here, by contrast, Plaintiff has neither demonstrated that the EPA's failure to comply with its deadlines to perform nondiscretionary actions caused economic harm nor that Plaintiff will suffer an "injustice" without the requested relief.

[4] Because the Court concludes that Plaintiff's CAA claim is constitutionally moot, the Court need not address the parties' arguments regarding whether the claim is prudentially moot. (*See* ECF No. 31 at 15–18; ECF No. 32 at 8–11.)

3. Plaintiff's claims, and this action, are DISMISSED WITHOUT PREJUDICE;

4. Judgment shall enter in favor of Defendant and against Plaintiff;

5. The parties shall each bear their own costs; and

6. The Clerk shall terminate this action.

Dated this 7th day of March, 2022.

BY THE COURT:

William J. Martínez
United States District Judge